UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAZIAR RAJABI,<br><br>    Plaintiff,<br><br>v.<br><br>MARCO A. RUBIO,[1]<br>Secretary of State,<br><br>    Defendant. | Civil Action No. 24-1968 (PLF) |

## MEMORANDUM OPINION AND ORDER

On September 3, 2024, defendant moved to dismiss plaintiff's Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief ("Compl.") [Dkt. No. 1]. See Defendant's Motion to Dismiss [Dkt. No. 5]. Defendant's motion has been fully briefed and is now ripe for decision. See Plaintiff's Opposition to Defendant's Motion to Dismiss [Dkt. No. 7]; Defendant's Reply in Further Support of Their Motion to Dismiss [Dkt. No. 8].

Plaintiff alleges that a consular officer interviewed plaintiff, refused his visa application pursuant to Section 221(g) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1201(g), and placed his application in "administrative processing." See Compl. ¶¶ 45, 53. Plaintiff now challenges defendant's failure to finally adjudicate plaintiff's visa application within a reasonable time, and alleges causes of action arising under both the APA, 5 U.S.C. §§ 706(2), 555(b), and the Mandamus Act, 28 U.S.C. § 1361. See Compl. ¶¶ 85-119.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Marco A. Rubio, current U.S. Secretary of State, is "automatically substituted" as a party to this litigation.

In two recent opinions, this Court rejected visa applicants' materially identical claims under the APA and the Mandamus Act, finding that the Court lacks jurisdiction to compel the government to further adjudicate a visa application after the visa has been officially "refused" pursuant to Section 221(g) of the INA. See Datta v. Rubio ("Datta"), Civil Action No. 24-2937 (PLF), 2025 WL 752643 (D.D.C. Mar. 10, 2025); Robles Hurtado v. Foley ("Hurtado"), Civil Action No. 24-3270 (PLF), 2025 WL 2757557 (D.D.C. Sept. 29, 2025). The Court's rulings in Datta and Hurtado are dispositive of plaintiff's claims. The Court therefore will grant defendant's motion to dismiss. Accordingly, it is hereby

ORDERED that defendant's Motion to Dismiss [Dkt. No. 5] is GRANTED; it is

FURTHER ORDERED that plaintiff's Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief [Dkt. No. 1] is DISMISSED; and it is

FURTHER ORDERED that this case is DISMISSED WITHOUT PREJUDICE pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This is a final appealable order. See FED. R. APP. P. 4(a). An Opinion consistent with this Order will follow in due course.

SO ORDERED.

DATE: 9/30/25

PAUL L. FRIEDMAN
United States District Judge

2