UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAZIAR RAJABI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-01968 (PLF) |
| ) | |
| MARCO A. RUBIO,[1] ) | |
| Secretary of State, ) | |
| ) | |
| Defendant. ) | |

OPINION

Plaintiff Maziar Rajabi, a dual national of Iran and Turkey, filed a B-1/B-2 nonimmigrant visa application with the U.S. Consulate General in Istanbul, Turkey. Compl. ¶¶ 1-3.[2] A consular officer interviewed Mr. Rajabi regarding his visa application on December 15, 2022. Id. ¶ 3. Shortly thereafter, the consular officer "refused" Mr. Rajabi's application and placed it in "administrative processing." Id. ¶ 53. Contending that the adjudication of his visa application has been unlawfully withheld and unreasonably delayed, Mr. Rajabi asks the Court to compel the government to decide his visa application. Id. ¶ 19

On September 3, 2024, the government filed a motion to dismiss Mr. Rajabi's complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, current U.S. Secretary of State Marco A. Rubio is "automatically substituted" as a party to this litigation.

[2] The Court has reviewed the following papers in connection with this matter: Plaintiff's Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief ("Compl.") [Dkt. No. 1]; Defendant's Motion to Dismiss and Memorandum in Support Thereof ("Mem.") [Dkt. No. 5]; Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Opp.") [Dkt. No. 7]; and Defendant's Reply in Further Support of Defendant's Motion to Dismiss ("Reply") [Dkt. No. 8].

After careful consideration of the parties' written submissions and the relevant authorities, the Court granted the government's motion and dismissed Mr. Rajabi's complaint by Order on September 30, 2025 [Dkt. No. 10]. This Opinion explains the reasoning behind that Order.

## I. BACKGROUND

### A. Statutory Background

The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., governs the issuance of various types of visas to foreign nationals seeking entry into the United States. At issue in this case is a B-1/B-2 visa, a nonimmigrant visa that permits a noncitizen who has "a residence in a foreign country which [the noncitizen] has no intention of abandoning" to enter "the United States temporarily for business" or "for pleasure." 8 U.S.C. § 1101(a)(15)(B); see 22 C.F.R. § 41.31(a). To obtain a B-1/B-2 visa, a noncitizen must complete and submit a Form DS-160 Online Nonimmigrant Visa Application, upload supporting documentation, and pay the applicable fees. See U.S. Dep't of State, Visitor Visa, https://perma.cc/EU5L-LJ3S. The noncitizen then must appear for an interview before a consular officer at the U.S. consulate in the noncitizen's country of origin. Id.; see 22 C.F.R. § 41.102(a). During the in-person interview, the applicant officially "'make[s] or 'execute[s]'" the visa application. Karimova v. Abate ("Karimova"), No. 23-5178, 2024 WL 3517852, at *2 (D.C. Cir. July 24, 2024) (per curiam) (quoting 9 Foreign Affairs Manual ("FAM") § 504.1-3(a), (g)).

As relevant here, once an application has been executed, "the consular officer must issue" or "refuse the visa." 22 C.F.R. § 41.121(a). The officer "cannot temporarily refuse, suspend, or hold the visa for future action" after the interview. 9 FAM §§ 504.1-3(g), 504.9-2. And the consular officer must complete this process "properly and promptly . . . in accordance with the applicable regulations and instructions." 22 C.F.R. § 41.106. If the applicant fails to

establish visa eligibility, the consular officer "shall" refuse the application under Section 221(g) of the INA. See 8 U.S.C. § 1201(g); see also id. § 1361 (placing the burden on the applicant to establish eligibility). The consular officer may, however, "choose to place an officially refused application in administrative processing," which allows the officer to "re-open and re-adjudicate" the previously refused application if additional information comes to light. Karimova, 2024 WL 3517852, at *2 (citing 9 FAM § 306.2-2(A)(a)). "Unless and until" a consular officer re-opens a visa application, the application "remains officially refused." Id. "Because the visa application has already been officially refused, keeping the door open in administrative processing can only benefit, never hurt, the applicant's entry prospects." Id.

Under the Mandamus Act, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Under the Administrative Procedure Act ("APA"), a court may compel agency action that is "unreasonably delayed." Id. § 706(1). Under Section 706(1) of the APA, however, "a delay cannot be unreasonable with respect to action that is not required" by law. Norton v. S. Utah Wilderness All. ("Norton"), 542 U.S. 55, 63 n.1 (2004); see also id. at 64 ("[A] claim under [Section] 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take.").

### B. Factual and Procedural Background

Mr. Rajabi is an entrepreneur and businessman who has founded several companies doing business in the United States. Compl. ¶¶ 46-47. He seeks to obtain a B-1/B-2 visa to engage in on-site consultations for various United States-based projects. Id. ¶¶ 48-52. Mr. Rajabi appeared for a visa interview before the U.S. Consulate General in Istanbul, Turkey,

on December 15, 2022. Id. ¶ 3. After the visa interview, Mr. Rajabi was informed that his visa application was "refused" and that his case was being placed in "administrative processing" pursuant to Section 221(g) of the INA. Id. ¶ 53. Mr. Rajabi was asked to provide additional information to support his application, and he did so on January 3, 2023. Id. ¶¶ 4-5. To date, Mr. Rajabi's visa application remains refused and in administrative processing, which he alleges has caused him and his United States-based counterparts "severe emotional and financial strain." Id. ¶¶ 5-8, 55.

On July 6, 2024, roughly nineteen months after his visa application was refused, Mr. Rajabi filed this action against Antony J. Blinken, in his official capacity as U.S. Secretary of State (replaced by Marco A. Rubio on January 21, 2025). See Compl. ¶ 31. Mr. Rajabi alleges that the government has unlawfully withheld and unreasonably delayed the final adjudication of his visa application, and he asserts causes of action arising under both the APA, 5 U.S.C. § 706(1)-(2), and the Mandamus Act, 28 U.S.C. § 1361. See Compl. ¶¶ 85-119. The government moved to dismiss Mr. Rajabi's complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, see Mem., Mr. Rajabi filed an opposition to the motion, see Opp., and the government filed a reply, see Reply. The Court decided the motion by Order on September 30, 2025.

## II. STANDARD OF REVIEW

*A. Motions to Dismiss Under Rule 12(b)(1) of the Federal Rules of Civil Procedure*

Federal courts are courts of limited jurisdiction, possessing only those powers authorized by the Constitution and an act of Congress. See Janko v. Gates, 741 F.3d 136, 139 (D.C. Cir. 2014); Abulhawa v. U.S. Dep't of the Treasury, 239 F. Supp. 3d 24, 30 (D.D.C. 2017). Lack of subject matter jurisdiction is fatal to a court's authority to hear a case.

4

See FED. R. CIV. P. 12(h)(3). The plaintiff bears the burden of establishing that the Court has jurisdiction. See Khadr v. United States, 529 F.3d 1112, 1115 (D.C. Cir. 2008); Walen v. United States, 246 F. Supp. 3d 449, 452 (D.D.C. 2017). In determining whether to grant a motion to dismiss for lack of subject-matter jurisdiction, the Court must construe the complaint in the plaintiff's favor and treat all well-pleaded factual allegations as true. See Attias v. CareFirst, Inc., 865 F.3d 620, 627 (D.C. Cir. 2017). The Court "need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint," and the Court need not accept a plaintiff's legal conclusions. Disner v. United States, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting Speelman v. United States, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). In determining whether a plaintiff has established jurisdiction, the Court "may consider materials beyond the pleadings where appropriate." Cumis Ins. Soc'y, Inc. v. Clark, 318 F. Supp. 3d 199, 207 (D.D.C. 2018).

    B. *Motions to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure*

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must plead facts that "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570); see Spence v. U.S. Dep't of Veterans Affs., 109 F.4th 531, 539 (D.C. Cir. 2024). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 218 (D.C. Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. at 678).

In deciding a motion to dismiss under Rule 12(b)(6), the Court "must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Sanchez v. Off. of State Superintendent of Educ., 45 F.4th 388, 395 (D.C. Cir. 2022); see Ashcroft v. Iqbal, 556 U.S. at 678. The Court considers the complaint in its entirety, see Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007), and construes it liberally, granting the plaintiff "the benefit of all inferences that can [reasonably] be derived from the facts alleged," Sickle v. Torres Advanced Enter. Sols., LLC., 884 F.3d 338, 345 (D.C. Cir. 2018) (alteration in original). The Court, however, need not accept all inferences drawn by the plaintiff "if such inferences are unsupported by the facts set out in the complaint." Nurriddin v. Bolden, 818 F.3d 751, 756 (D.C. Cir. 2016); see Ashcroft v. Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555); see also Kaempe v. Myers, 367 F.3d 958, 963 (D.C. Cir. 2004) ("Nor must we accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice.").

III. DISCUSSION

Mr. Rajabi challenges the government's "failure to timely adjudicate [his] visa application," Compl. ¶ 11, and he asks the Court to compel the government to issue a final decision on his application pursuant to the APA, 5 U.S.C. § 706(1), and the Mandamus Act, 28

U.S.C. § 1361. See Compl. ¶¶ 92-119.³ To prevail under either statute, Mr. Rajabi must make a "threshold" showing that the government has "failed to take a discrete agency action that it is required to take." Karimova, 2024 WL 3517852, at *1 (quoting Norton, 542 U.S. 55 at 64); see Skalka v. Kelly, 246 F. Supp. 3d 147, 152 (D.D.C. 2017) ("The standard by which a court reviews this type of agency inaction is the same under both [Section] 706(1) of the APA and the Mandamus Act."). Put differently, Mr. Rajabi must identify a discrete, non-discretionary duty that obligates the government to take further action on his visa application. See Karimova, 2024 WL 3517852, at *1. The Court has no authority to compel a "discrete agency action that is not demanded by law (which includes . . . agency regulations)." Norton, 542 U.S. at 65.

Mr. Rajabi has not identified a discrete, non-discretionary duty that requires the government to act further on his visa application.⁴ Pointing to Section 555(b) of the APA,

---

³       Mr. Rajabi also alleges that the government's purported unlawful withholding and unreasonable delay in the adjudication of his visa application is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law, and he asks the Court to "set aside" that withholding and delay under the APA, 5 U.S.C. § 706(2). See Compl. ¶¶ 85-91. As the government points out, however, Mr. Rajabi has not responded to the government's argument that this Court should summarily dismiss Mr. Rajabi's cause of action arising under Section 706(2). See Reply at 2; see generally Opp. Accordingly, this Court considers that argument conceded. See Brett v. Brennan, 404 F. Supp. 3d 52, 59 (D.D.C. 2019) ("It is well-understood that 'if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded.'" (quoting Wannall v. Honeywell, Inc., 775 F.3d 425, 428 (D.C. Cir. 2014))). But even if the Court were to address Mr. Rajabi's claim action under Section 706(2), that claim has no merit. See Rezvani v. Rubio, Civil Action No. 24-03381 (CJN), 2025 WL 1293358, at *1 n.4 (D.D.C. May 5, 2025) ("[P]laintiffs' theory of the case is that they improperly received 'non-final refusals' of their visa applications. As such, plaintiffs fail to allege a crucial element of a [Section] 706(2) claim." (citation omitted)); Dalmar v. Blinken, Civil Action No. 23-3315 (DLF), 2024 WL 3967289, at *6 (D.D.C. 2024) (dismissing claim on same basis).

⁴       The government argues that "[b]ecause [Mr. Rajabi] is seeking to compel action after a consular officer has refused the requested visa, this suit runs headfirst into the consular non-reviewability doctrine." Mem. at 11. Because the Court agrees that Mr. Rajabi has not identified a discrete, non-discretionary duty that the government must fulfill for an already-refused visa application, see id. at 7, the Court need not consider the government's alternate

7

Mr. Rajabi argues that the government has "a mandatory duty to adjudicate [his] visa application within a reasonable time." Opp. at 4; see 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."). Notably, however, Mr. Rajabi concedes that his visa application has been "refused" pursuant to Section 221(g) of the INA. See Compl. ¶ 53. In Karimova, a case with materially similar facts to those at issue here, a unanimous panel of the D.C. Circuit explained that when a consular officer "officially refuse[s]" a visa application pursuant to INA Section 221(g), any duty that the officer may have had to adjudicate the application under Section 555(b) of the APA is discharged. Karimova, 2024 WL 3517852, at *4; see 8 U.S.C. § 1201(g). And that is so even if the consular officer proceeds to place the executed visa application into administrative processing. See Karimova, 2024 WL 3517852, at *4 ("Nothing in federal law speaks to the ability of a consul . . . to hold onto the [refused] application in case circumstances later change in the applicant's favor . . . ."). Simply put, an applicant who has been issued a refusal under Section 221(g) has received a "decision that the law expressly authorizes as one of the allowed actions on a visa application," regardless of whether the application is eventually "re-open[ed] and re-adjudicate[d]." Id. at *2, *4.

Mr. Rajabi does not attempt to distinguish the D.C. Circuit's decision in Karimova. See generally Opp. Instead, he asserts that the court of appeals' unpublished opinion is "nonprecedential" and "nonbinding." Id. at 14.[5] Even if so, this Court has explained in prior

---

argument that Mr. Rajabi's claims should be dismissed under the consular non-reviewability doctrine.

[5]      Judges in this district are split as to whether the D.C. Circuit's unpublished decision in Karimova is precedential. See Datta, 2025 WL 752643, at *6 n.3 (collecting cases). The Court declines to wade into this debate and instead concludes that Karimova's reasoning is persuasive.

opinions that it finds the D.C. Circuit's reasoning persuasive. See Hurtado v. Foley ("Hurtado"), Civil Action No. 24-3270 (PLF), 2025 WL 2757557, at *4 (D.D.C. Sep. 29, 2025) (adopting Karimova's reasoning); Datta v. Rubio ("Datta"), Civil Action No. 24-2937 (PLF), 2025 WL 752643, at *7 (D.D.C. Mar. 10, 2025) (same); see also Ariani v. Rubio, Civil Action No. 25-0349 (TSC), 2025 WL 3653503, at *4 (D.D.C. Dec. 17, 2025) ("[T]he court finds Karimova persuasive."); Kachooee v. Allen, Civil Action No. 25-00139 (TNM), 2025 WL 2986451, at *2 (D.D.C. Oct. 23, 2025) ("Karimova is persuasive."); Baradaran v. Rubio, Civil Action No. 24-2946 (DLF), 2025 WL 2506546, at *2 (D.D.C. Sep. 2, 2025) (concluding that Karimova's "reasoning is persuasive and applies here"); Pour v. Rubio, Civil Action No. 25-573 (JEB), 2025 WL 2374559, at *5 (D.D.C. Aug. 14, 2025) ("Regardless of whether Karimova is actually binding, it is still a case decided by the Circuit that contains reasoning that the Court finds persuasive as to the APA."); Doroodchi v. Rubio, Civil Action No. 24-3170 (CRC), 2025 WL 1865114, at *4 (D.D.C. July 7, 2025) (applying Karimova as "the considered and unanimous judgment of a D.C. Circuit panel"). Consistent with the D.C. Circuit's holding in Karimova—and this Court's holding in Datta and Hurtado—the Court rejects Mr. Rajabi's assertion that Section 555(b) of the APA imposes a further duty to act on a refused visa application that has been placed in administrative processing. See Datta, 2025 WL 752643, at *7; Hurtado, 2025 WL 2757557, at *4.

To be sure, Mr. Rajabi does not rely solely on Section 555(b) of the APA to argue that the government continues to have a duty to adjudicate his visa application. He points to various other statutes and regulations that require consular officers to "properly and promptly" process visa applications and to either "issue" or "refuse" them. Opp. at 4; see 22 C.F.R. §§ 41.106, 41.121(a); 8 U.S.C. § 1202(e). But Mr. Rajabi's argument based on those other

provisions fares no better. That is because the "thrust of" the court of appeals' holding in "Karimova . . . is that an INA [Section] 221(g) refusal followed by administrative processing is a refusal." Rezvani v. Rubio, Civil Action No. 24-03381 (CJN), 2025 WL 1293358, at *1 (D.D.C. May 5, 2025). Based on the D.C. Circuit's persuasive logic in Karimova, it is unclear how any provision mandating that visas be either issued or refused or otherwise requiring agency action would not be satisfied by a Section 221(g) refusal. See Karimova, 2024 WL 3517852, at *4; see also, e.g., Ibrahim v. Spera, Civil Action No. 23-3563 (ABJ), 2024 WL 4103702, at *3 (D.D.C. Sep. 6, 2024) (rejecting the argument that Karimova is "confined to the issue of whether the APA alone created a duty for the [government] to complete administrative processing" because "one cannot read Karimova as saying anything other than a [Section] 221(g) refusal and placement in administrative processing was a conclusion"). So although the provisions to which Mr. Rajabi points clearly obligate the government to adjudicate visa applications, those provisions "stop short of creating a duty to further adjudicate a visa application that has already been refused by a consular officer and placed in administrative processing." Hurtado, 2025 WL 2757557, at *5; see Datta, 2025 WL 752643, at *8.

Because Mr. Rajabi does not identify a clear requirement that the government act further on a visa application once a consular officer has issued a refusal under Section 221(g), his complaint must be dismissed. Still, as this Court has previously acknowledged, "it is 'extremely difficult to square' the Court's holding in the instant case, and the D.C. Circuit's analysis in Karimova, 'with the communications that visa applicants actually receive from various consulates.'" Hurtado, 2025 WL 2757557, at *5 (quoting Ibrahim v. Spera, 2024 WL 4103702, at *3 n.2). And the Court continues to be troubled by Karimova's practical effects. See id. Even so, any "statutory gap that, in theory, allows agencies to issue pro forma refusals while

continuing to administratively process visa applications is best filled by Congress, not this Court." Id. (quoting Datta, 2025 WL 752643, at *9).

For the reasons explained in this opinion, the Court GRANTED the government's Motion to Dismiss [Dkt. No. 5] and DISMISSED Mr. Rajabi's Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief [Dkt. No. 1] on September 30, 2025, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. An Order consistent with this opinion was issued on September 30, 2025 [Dkt. 10].

PAUL L. FRIEDMAN
United States District Judge

DATE: 1/30/26